**In re OPPENHEIMER FUNDS
FEES LITIGATION.**

**This document relates to: All Actions.**

**No. 04 Civ. 7022(JSR).**

United States District Court,
S.D. New York.

April 5, 2006.

Kim Elaine Levy, Milberg Weiss Bershad & Schulman LLP, New York, NY, for Stephen R. Alexander, Marilyn J. Irey, Richard M. Cross, Setsuko Tiffen, Francisco Tan, Dorothie Spector, Abraham Spector, Hugh Sharkey, Harry Richards, George Muehl, Donald Lopez, Randall Heyward, Delight Erickson, Bradley J. Leshyn, Barbara Pleener, Edwin Pennefather, Karol McClintock, George E. Klump, Victoria Ann Hendon, Marc D. Grobler and George R. Perry.

James Abram Harrod, III, Wolf Popper LLP, New York, NY, for Marc D. Grobler.

Gina Marie Rossettie, Samuel A. Gunsburg, William Kennedy Dodds, Dechert, LLP, New York, NY, for Oppenheimer Funds, Inc., Oppenheimer Funds Services, Oppenheimer Funds Distributor, Inc. and John V. Murphy.

Michael S. Doluisio, Dechert, LLP, Philadelphia, PA, for John V. Murphy.

John Matthew Conlon, Mayer, Brown, Rowe & Maw, LLP, New York, NY, for Rober G. Galli, Phillip A. Griffiths, Joel W. Motley, Kenneth A. Randall, Edward V. Regan, Russell S. Reynolds, Jr., Donald W. Spiro, Clayton K. Yeutter, James C. Swain, William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, Jon S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone, F. William Marshall, Jr., Richard F. Grabish, Benjamin Lipstein, Elizabeth B. Moynihan, Thomas W. Courtney, Paul Y. Clinton, Lacy B. Herrmann, Brian Wruble, Ronald J. Abdow, Joseph M. Wikler, Peter I. Wold, Eustis Walcott and Oppenheimer Quest Value Fund.

Robert J. Ward, Mayer, Brown, Rowe & Maw, LLP, New York, NY, for Clayton K. Yeutter, Phillip A. Griffiths, Kenneth A. Randall, Edward V. Regan, Russell S. Reynolds, Jr., Donald W. Spiro, Robert G. Galli, Joel W. Motley, James C. Swain, William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, Jon S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone, F. William Marshall, Jr., Richard F. Grabish, Benjamin Lipstein, Elizabeth B. Moynihan, Thomas W. Courtney, Paul Y. Clinton, Lacy B. Herrmann, Brian Wruble, Ronald J. Abdow, Joseph M. Wikler, Peter I. Wold, Eustis Walcott and Oppenheimer Quest Value Fund.

William Kennedy Dodds, Dechert, LLP, New York, NY, for Connie Bechtolt, Katherine P. Feld, Kathleen T. Ives, Denis R. Molleur, Philip Vottiero, Brian W. Wixted and Robert G. Zack.

## MEMORANDUM ORDER

RAKOFF, District Judge.

By Memorandum Order dated March 10, 2006, the Court dismissed all the claims and defendants in this case *except* plaintiffs' claim that Oppenheimer Funds, Inc. and Oppenheimer Funds Services (collectively, the "Adviser Defendants") violated § 36(b) of the Investment Company Act, 15 U.S.C. § 80a–35(b), by charging excessive fees to various Oppenheimer Funds, *of some of which plaintiffs are shareholders.* The Adviser Defendants now move for reconsideration on the ground, *inter alia,* that the Court's conclusion that paragraph 220 of the Second Consolidated Amended Class Action Complaint (the "Complaint") made out such a claim overlooked the fact that the theory of why the fees were "excessive," as alleged in that paragraph, was not one permitted by law.

The briefing of the instant motion, and, more particularly, oral argument of the motion for reconsideration held on March 29, 2006, have now made clear that, even though paragraph 220 of the Complaint alleges that the advisory fees were "excessive," the only theory of excessiveness alleged in that paragraph posits an unusual meaning of that word: specifically, plaintiffs contend that increases in advisory fees that are added, not for the purpose of benefitting the Funds, but in order (as alleged) to create a slush fund to bribe brokers for the benefit of the Adviser Defendants and their affiliates, are "excessive" *per se.* See transcript, 3/29/06, at 23–25. But § 36(b) creates no such *per se* rule. Rather, as elucidated by the Court of Appeals in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.,* 694 F.2d 923 (2d Cir. 1982), the test is basically an economic one, *i.e.,* that the fees charged must be materially disproportionate to the services rendered. *Id.* at 928. Plaintiffs' failure to make any specific factual allegations as to why the added amounts render the advisory fees, as an economic matter, disproportionate to the services rendered is fatal to

the claim set forth in paragraph 220, which therefore must be dismissed. *See, e.g., Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir.2002).[1] Further, the dismissal must be with prejudice because plaintiffs, in what is, as noted, a Second Consolidated Amended Class Action Complaint, have had ample opportunity to adequately plead any such allegations, if they could.

Accordingly, upon reconsideration, the Court hereby dismisses count 3 with prejudice. As a consequence, the Clerk is directed to close docket document number 65 and enter judgment dismissing the entire complaint with prejudice.

SO ORDERED.

---

1. Although plaintiffs, at oral argument, sought to overcome this deficiency by reference to paragraph 150 of the Complaint, where it is alleged that the Adviser Defendants did not pass on to the Funds certain economies of scale that they purportedly realized, these allegations were not made in the context of the claim advanced in paragraph 220 and, in any case, are belied by the underlying public documents implicitly referenced in paragraph 150, of which the Court may take notice on this motion. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir.2002); *see also* transcript, 3/29/06, at 6–8.